```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

|  |  |
|---|---|
| DUANE and SAUNDRA SWANSON, | ) |
| Plaintiffs, | ) Civil Action No. 5:03-255-JMH |
| v. | ) |
| CENTRAL BANK & TRUST CO., *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

                    **  **  **  **  **

This matter is before the Court on two separate but interrelated motions: Equifax Information Services LLC's ("Equifax") motion for summary judgment [Record No. 127], and Trans Union LLC's ("Trans Union") motion for summary judgment [Record No. 128]. Fully briefed, these matters are now ripe for review.

### BACKGROUND

This action arose from Plaintiffs' attempts to correct financial information contained on reports assembled and produced by two consumer reporting agencies, Equifax and Trans Union. The disputed accounts stem from loans provided by National City Mortgage ("NCM"), Kentucky Finance, and Central Bank & Trust ("CB&T"). The plaintiffs state that they contacted the defendants on multiple occasions in order to dispute these accounts, and that the defendants failed to correct the disputed information in an accurate and timely manner. Plaintiffs state that they have been

1

harmed by the defendants' alleged failure to correct the disputed information in that they have been turned down for loans, incurred expenses in working to correct the reporting errors, and suffered emotional distress and humiliation.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that,

> [s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant establishes a *prima facie* basis for summary judgment, the nonmovant must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon mere allegations or denials but must set forth specific facts showing the existence of a material issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

In considering a motion for summary judgment the Court must construe the facts in the light most favorable to the nonmoving

party. *Anderson,* 477 U.S. at 255.

## ANALYSIS

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which "utilize correct, relevant and up-to date information in a confidential and responsible manner." *Jones v. Federated Financial Reserve Corp.,* 144 F.3d 961, 965 (6th Cir. 1998). The FCRA imposes distinct obligations on consumer reporting agencies and authorizes consumers to sue for either willful or negligent violations of these enumerated duties. 15 U.S.C. §§ 1681n, 1681o. It is undisputed that Equifax and Trans Union are consumer reporting agencies within the meaning of FCRA § 1681a(f) and, as such, are governed by the provisions of the FCRA. Plaintiffs' complaint alleges that Equifax and Trans Union violated the FCRA requirements set forth in Section 1681e(b), the duty to follow reasonable procedures; Section 1681c(f), which requires consumer reporting agencies to indicate, under certain circumstances, that account information is disputed; and Section 1691i(a), the duty to reinvestigate disputes.

**I. 15 U.S.C. § 1681e(b) - Duty to Follow Reasonable Procedures**

FCRA § 1681e(b) states that, when preparing consumer reports, consumer reporting agencies must, "follow reasonable procedures to assure maximum possible accuracy of the information concerning the

3

individual about whom the report relates." § 15 U.S.C. 1681e(b). The exercise of reasonable care is determined by reference to what a reasonably prudent person would do under the circumstances. *Bryant v. TRW, Inc.,* 689 F.2d 72, 78 (6th Cir. 1982). In order to assert a claim under § 1681e(b), the Swansons must prove that: (1) the defendants reported inaccurate information about them; (2) the defendants either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of information regarding them; (3) they were injured; and (4) the defendants' conduct was the proximate cause of their injury. *Philbin v. Trans Union Corp.,* 101 F.3d 957, 963 (3rd Cir. 1996).

From the record, the reasonableness or unreasonableness of the defendants' procedures is not "beyond question." *Crabill v. Trans Union, LLC,* 259 F.3d 662, 664 (7th Cir. 2001) ("The determination of the "reasonableness" of the defendant's procedures, like other questions concerning the application of a legal standard to given facts ... is treated as a factual question even when the underlying facts are undisputed. It therefore cannot be resolved on summary judgment unless the reasonableness or unreasonableness of the procedures is beyond question..."). Accordingly, whether the defendants used reasonable procedures in initially reporting the accounts disputed by the Swansons is a question for the jury to determine. *Id; see also, Boris v. Choicepoint Services., Inc.,* 249 F. Supp. 2d 851, 856 (W.D. Ky. 2003) ("The question of whether an

4

agency followed "reasonable procedures" is typically a fact question reserved for the jury.") (citations omitted).

Defendants argue that, regardless of whether their actions were reasonable, they are entitled to summary judgment because the plaintiffs failed to produce evidence that the allegedly inaccurate credit reports caused them harm. To prevail on a FRCA claim, a plaintiff must prove that the defendant's violation of the Act caused him injury. *Lewis v. Ohio Professional Electronic Network, LLC,* 248 F. Supp. 2d 693, 701 (S.D. Ohio 2003) (citing *Crabill,* 259 F.3d at 664 ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages,' which is one of the remedies under the Fair Credit Reporting Act.") (citations omitted)).

Plaintiffs claim that they suffered damages by being denied credit from State Farm Bank, National Auto Finance Company, Chrysler Financial, and Regional Acceptance Corporation because of inaccurate information provided by the defendants. To support this position, Plaintiffs have presented letters from the above-mentioned entities that state the decision to deny credit was based in whole or in part on information in reports from the defendant credit reporting agencies. The Court believes that these letters provide sufficient evidence to indicate that the defendants' allegedly inaccurate credit reports caused Plaintiffs harm.

5

Alternatively, as an independent basis for recovery, Plaintiffs seek actual damages for emotional distress and humiliation stemming from the defendants' alleged inaccurate reporting and failure to correct credit information. Plaintiffs' deposition testimony that they suffered emotional distress and humiliation as a result of Defendants' alleged FCRA violations is sufficient evidence to create a genuine issue of material fact on this issue. *Lewis,* 248 F. Supp. 2d at 703. Defendants have presented no evidence to counter Plaintiffs' assertions. Accordingly, there is a genuine issue of material fact about whether Plaintiffs suffered emotional distress and humiliation because of the defendants' alleged FCRA violations.

**II. 15 U.S.C. § 1681c(f) - Duty to Indicate Dispute**

FCRA § 1681c(f) provides as follows:

If a consumer reporting agency is notified pursuant to section 1681s-2(a)(3) of this title that information regarding a consumer [which] was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information.

FCRA 1681s-2(a)(3), "[r]esponsibilities of furnishers of information to consumer reporting agencies," provides, in subsection (a)(3), as follows:

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

The plain language of these sections clearly provides that a consumer reporting agency's duty under §1681c(f) is triggered only if a *furnisher* provides notice of dispute. There is no evidence that the defendants, Trans Union and Equifax, received such notice. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' §1681c(f) claim.

### III. 15 U.S.C. § 1681i(a) - Duty to Investigate

Plaintiffs' third FCRA claim alleges that the defendants failed to properly investigate matters after the Swansons notified them of disputed accounts. The FCRA imposes the following duty to reinvestigate disputed information:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file...

15 U.S.C. § 1681i(a)(1)(A). Once a reporting agency is informed of a potential mistake, the agency has a duty to reinvestigate the report within thirty days. 15 U.S.C. § 1681i(a)(1)(A). If, after a reinvestigation, a disputed item of information cannot be verified, the consumer reporting agency must promptly delete the item from the consumer's file or modify the item as appropriate. 15 U.S.C. § 1681i(a)(5)(A)(i). As noted above, the Act creates a private right of action against a consumer reporting agency for the

7

negligent, *see id.* § 1681o, or willful, *see id.* § 1681n, violation of any duty imposed under the statute, including the duty to reinvestigate under § 1681i(a).

### A. Equifax

In June 2002, Saundra contacted Equifax by telephone to dispute four accounts on her credit report: a CB&T account she claimed was cancelled, two Kentucky Finance accounts she claimed were not included in bankruptcy, and a NCM account she claimed was not included in bankruptcy. It is undisputed that Equifax investigated by sending out Consumer Dispute Verification forms ("CDV") to the entities that had reported the disputed accounts. Equifax did not receive a response from the entities it contacted, thus it deleted two Kentucky Finance accounts, one CB&T account, and the only NCM account on Saundra's report. One month later, Saundra contacted Equifax by sending in a Research Request Form in which she requested that a CB&T account, specified by number, be deleted from her credit file. Equifax investigated by sending a CDV to CB&T. CB&T responded that the account could be deleted from Saundra's file. Equifax complied immediately. Saundra contacted Equifax again in October 2002, by sending a letter in which she disputed a NCM account and a Kentucky Finance account as not included in bankruptcy, and a CB&T account as not in collection status. Saundra's letter did not identify the disputed accounts by account number. At the time of this third dispute, Equifax stated

8

that its file did not contain a CB&T account in collection status, a Kentucky Finance account shown as included in bankruptcy, or a NCM account. However, to ensure that it was addressing the consumer's concerns, Equifax reinvestigated all the CB&T and Kentucky Finance accounts it did have in Saundra's file. CB&T responded with verifications of accuracy to its five accounts appearing in Saundra's file, however, Kentucky Finance did not respond. Due to the lack of response, Equifax deleted the Kentucky Finance account from Saundra's report as unverifiable.

From the record, it is apparent that Equifax complied with Section 1681i(a) of the FCRA. Equifax received three disputes from Saundra Swanson, conducted three investigations, corrected the disputed information by deleting it from Saundra's credit report, and notified Saundra of the results each time. Given that Equifax performed exactly as requested, and in compliance with Section 1681i, the Court finds that Equifax adequately reinvestigated all of Saundra Swanson's disputed accounts.

The only contact Equifax received from Duane Swanson was a letter dated October 16, 2002. Like Saundra's letter of the same date, Duane's letter disputed three accounts that appeared on his credit report: a NCM account and a Kentucky Finance account shown to be included in bankruptcy, and a CB&T account shown to be in collection status. Also like Saundra's letter, these disputed accounts were not identified by number. Unlike Saundra's letter,

9

however, it is not clear from the record whether Equifax conducted a reasonable reinvestigation of the accounts disputed in Duane's letter. Accordingly, the Court finds that the plaintiffs presented sufficient evidence to create a question of material fact as to whether Equifax failed to properly investigate the accounts disputed in Duane Swanson's letter dated October, 16, 2002.

**B.  Trans Union**

On October 16, 2002, both Plaintiffs separately wrote Trans Union disputing "3 reports" contained on their credit reports and asking that they be sent new reports. The Swansons provided their full names and addresses, their social security numbers, and their dates of birth, however, they did not specify which accounts they were disputing. In fact, their letters did not identify any account by number, but generally disputed as "not true" or "inaccurate" accounts with CB&T, NCM, and Kentucky Finance. As required by FCRA § 1681i, Trans Union reinvestigated Plaintiffs' disputes by sending out CDVs. Because Trans Union did not receive a response from NCM or Kentucky Finance, Trans Union deleted the NCM mortgage loan account and both Kentucky Finance loan accounts from the plaintiffs' credit reports. Deleting these accounts from Plaintiffs' credit reports was clearly in accordance with Section 1681i(a)(5).

Seemingly uncertain as to which CB&T account Saundra's letter disputed, Trans Union reinvestigated several CB&T accounts

contained in Saundra's credit file. CB&T responded to the dispute, however, Trans Union claims that CB&T failed to properly complete the reinvestigation form. Because the reinvestigation form was not properly completed, Trans Union deleted five CB&T accounts from Saundra Swanson's file as unverifiable. It is unclear as to whether Trans Union acted reasonably and pursuant to the FCRA with regard to this dispute. While deleting an account in response to a dispute is specifically authorized by the FCRA, Congress requires that any modification or deletion of items of information be "appropriate" given the situation. *See* Section 1681i(a)(5). In this case, the Court finds that Trans Union's actions were "appropriate" considering the dearth of information Saundra provided in her letter.

Trans Union did not reinvestigate the disputed CB&T account on Duane Swanson's file. Because Trans Union has not explained why its failure to conduct a reinvestigation of this dispute was not a violation of the FCRA, summary judgment is precluded as to this issue.

**IV. Punitive Damages**

Finally, the plaintiffs allege that the defendants are liable for punitive damages because their failure to comply with the above cited sections of the Act was willful. 15 U.S.C. § 1681n only authorizes the imposition of punitive damages against a consumer reporting agency that "willfully" fails to comply with any

11

requirement imposed under the Act.  "To be found in willful noncompliance, a defendant must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others." *Stevenson v. TRW, Inc.,* 987 F.2d 288, 293 (5th Cir. 1993) *quoting Pinner v. Schmidt,* 805 F.2d 1258, 1263 (5th Cir. 1986), *cert. denied,* 483 U.S. 1022 (1987).

Not only is the record before the Court completely devoid of evidence demonstrating willfulness, the plaintiffs conceded in their depositions that they had no reason to believe Equifax acted with the intent or purpose to harm them.  The record is clear that both defendants investigated the disputed accounts, and attempted to resolve Plaintiffs' complaints.  Moreover, there is no evidence that either Defendant engaged in "willful misrepresentations or concealments" relating to Plaintiffs' credit reports.  *See Pinner*, 805 F.2d 1258 (noting that the only cases that have found willful violations, and allowed punitive damages under § 1681n, are those in which the defendants engaged in willful misrepresentations or concealments).  While the determination of whether the defendants were negligent has not yet been resolved, the Court finds that, even if negligent, the defendants did not act in willful noncompliance and, as such, cannot be subject to punitive damages.

**V.   Kentucky Consumer Protection Act - K.R.S. 367.170**

In addition to their FCRA claims, the plaintiffs allege that

the defendants' conduct constitutes unfair, false, misleading or deceptive acts or practices in the conduct of trade or commerce, within the meaning of the Kentucky Consumer Protection Act, K.R.S. 367.170. The defendants have moved for summary judgment on this claim, however, unlike the arguments set forth in other parts of their motions, here the defendants fail to identify portions of the record that they believe demonstrate an absence of a genuine issue of material fact. It is the Court's determination that the movants, the defendants, have failed to establish a *prima facie* basis for summary judgment on the Plaintiffs' Kentucky Consumer Protection Act claim. Accordingly, summary judgment is denied as to this count of Plaintiffs' complaint.

For the above stated reasons,

**IT IS ORDERED**, that Defendants' motions for summary judgment [Record Nos. 127 an 128] be, and the same hereby are, **GRANTED IN PART and DENIED IN PART.**

Upon the Court's own motion,

**IT IS FURTHER ORDERED** that the above-styled action be, and the same hereby is, **REFERRED** to United States Magistrate Judge James B. Todd with directions to conduct a settlement conference in conjunction with his scheduled pretrial conference.

This the 3rd day of June, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge