Eastern District of Kentucky
FILED

JUL 1 4 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

DUANE and SAUNDRA SWANSON,   )
)
)   Civil Action No. 5:03-255-JMH
Plaintiffs,   )
)
v.   )
)
CENTRAL BANK & TRUST CO.,   )   **MEMORANDUM OPINION AND ORDER**
et al.,   )
)
Defendants.   )
)

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on two separate but interrelated motions: Trans Union LLC's ("Trans Union") motion for reconsideration [Record No. 161] and Plaintiffs' motion to vacate a portion of an order [Record No. 167]. Fully briefed, these matters are now ripe for review.

### BACKGROUND

This action arose from Plaintiffs' attempts to correct financial information contained on reports assembled and produced by two consumer reporting agencies, Equifax Information Services LLC ("Equifax") and Trans Union. The disputed accounts stem from loans provided by National City Mortgage ("NCM"), Kentucky Finance, and Central Bank & Trust ("CB&T"). The plaintiffs state that they contacted the defendants on multiple occasions in order to dispute these accounts, and that the defendants failed to correct the disputed information in an accurate and timely manner.

1

On June 3, 2005, the Court filed an order granting in part and denying in part Equifax's and Trans Union's motions for summary judgment [Record No. 160]. Accordingly, as it stands today, the only claims remaining for trial are: (1) Duane and Saundra Swanson's claims against Equifax and Trans Union for failure to follow reasonable procedures to assure the reporting of accurate information pursuant to 15 U.S.C. § 1681e(b); (2) Duane Swanson's claims against Equifax and Trans Union for failure to reinvestigate pursuant to 15 U.S.C. § 1681i(a); and, (3) Duane and Saundra Swanson's Kentucky Consumer Protection Act claims.

## STANDARD OF REVIEW

Recognizing that judgment has not been entered on the Court's June 3, 2005, order, Plaintiffs' move to vacate portions of the order pursuant to Fed. R. Civ. P. 59(e). Trans Union, however, bases its motion for reconsideration on Fed. R. Civ. P. 54. Failing to see how Rule 54 provides an avenue for the relief sought, the Court will construe Trans Union's motion for reconsideration as a Rule 59(e) motion. *See Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ("The court reads a motion for reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment.") (citing *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979), *cert. dismissed*, 444 U.S. 986 (1979)).

The purpose of a Fed. R. Civ. P. 59(e) motion is to enable a Court to correct manifest errors of law or fact or to consider the

2

importance of newly discovered evidence. *See Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). A party should not file said motion for the purpose of relitigating issues already presented before the Court. *See Id*. at 1182. The law is clear in that Fed. R. Civ. P. 59 is not intended to allow a party to "rehash" old arguments. *Id*. The Court will grant relief for said motion under the following circumstances: "(1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *Id*.

Neither Plaintiffs nor Trans Union have made any allegations regarding a change in the controlling law for this case. In addition, neither party has come forth with any new evidence that would impact the outcome of this Court's summary judgment determination. Accordingly, the Court will proceed on the premise that both parties believe that the Court made a clear error of law in its June 3, 2005, order.

## ANALYSIS

I. Trans Union's Motion for Reconsideration

Trans Union moves for reconsideration on the basis that the Court failed to properly consider that Trans Union's files were accurate post-dispute and therefore in compliance with § 1681i and § 1681e(b); and Trans Union's pre-dispute reporting was in compliance with § 1681e(b). Trans Union is correct in that a

3

showing of inaccuracy is an essential element of a § 1681e(b) claim. *See Spence v. TRW, Inc.,* 92 F.3d 380, 982 (6th Cir. 1996). The Court, however, has found no support for Trans Union's assertion that the absence of inaccurate information is fatal to Duane Swanson's § 1681i claim.[1]   Thus, while the Court will reexamine its holding regarding Plaintiffs' §1681e(b) claims, it does not believe Trans Union demonstrated any clear error of law as to the Court's holding regarding Plaintiffs' § 1681i claims and, as such, declines to reconsider this aspect of its June 3, 2005, order.

   A.   Plaintiffs' Pre-dispute § 1681e(b) Claims

   Trans Union mentioned accuracy for the first time in its reply brief supporting its motion for summary judgment. In said brief, Trans Union stated that its pre-dispute reporting of all information contained in the Swansons' credit reports was accurate and consistent with the information provided to it by the furnishers. Plaintiffs, however, assert that in March 2002, Trans Union falsely reported the NCM mortgage account, the July 1997 Kentucky Finance account, and the CB&T Camper account on Saundra

---

[1] In support of this assertion, Trans Union cites *Dickens v. Trans Union Corp.,* an unpublished Sixth Circuit Court of Appeals case from 2001. The *Dickens* Court, however, simply stated that while a showing of inaccuracy is an essential element of a claim under 1681e(b), "it is unclear whether a showing of inaccuracy is required for 1681i liability." 18 Fed. Appx. 315, 318-19, 2001 WL 1006259 (6th Cir. Aug. 23, 2001) (citing 134 F.3d 372, 1997 WL 809956 (6th Cir. Dec. 19, 1997)).

Swanson's credit report.  Plaintiffs further argue that in March 2002, Trans Union falsely reported both the NCM mortgage account and the CB&T Camper account on Duane Swanson's credit report.

From the evidence set forth in the record, the accuracy of the accounts as initially reported is still in question.  Accordingly, whether or not the Defendants complied with Section 1681e(b) is also still in question.  The Court does not see, nor does Trans Union point out, any clear error of law as to the Court's holding regarding Plaintiffs' pre-dispute §1681e(b) claims.  Thus, to reiterate, the issue of whether the defendants used reasonable procedures in *initially reporting* the accounts disputed by the Swansons is a genuine issue of material fact reserved for jury determination.

B.  Plaintiffs' Post-Dispute § 1681e(b) Claims

In response to Trans Union's motion for reconsideration, Plaintiffs state that Trans Union's reports, both before and after the October 2002 dispute letters, were inaccurate and incomplete in that Trans Union either failed to report favorable accounts or deleted, as opposed to updated, other accounts.  Plaintiffs are seemingly again arguing that their credit reports were incomplete and misleading because certain information was deleted; this, however, is not an actionable claim under the Fair Credit Reporting Act ("FCRA").  The FCRA requires only that the information contained in a credit report be accurate.  *See Davis v. Equifax*

5

*Info. Servs.,* 346 F. Supp. 2d 1164, 1172 (N.D. Ala. 2004) (citing *Statements of General Policy or Interpretations Under the Fair Credit Reporting Act,* 16 C.F.R., Subchapter F, Pt. 600, Appendix, pp. 492-519.) ("Consumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports."). In other words, an FCRA claim may be based only on inaccurate reporting of information *included* in a consumer report. Accordingly, if not made clear previously, be it known that Defendants are entitled to, and were granted, summary judgment on all of Plaintiffs' claims that Defendants violated the FCRA by deleting information from the plaintiffs' consumer reports.

After October 2002, and incident to the Plaintiffs' October 2002 dispute letters, all accounts from NCM and Kentucky Finance were deleted from the Swansons' credit reports. Accordingly, Plaintiffs' post-dispute § 1681e claims relating to the alleged inaccurate reporting of NCM and Kentucky Finance accounts fail as a matter of law as Plaintiffs have not made the required showing of inaccuracy. The same is true for the disputed CB&T accounts deleted from Saundra Swanson's file. However, as stated in the Court's June 3, 2005, order, the record is devoid of evidence regarding whether Trans Union reasonably reinvestigated the CB&T account disputed in Duane Swanson's October 2002, letter; this account remained on his credit report post-dispute and its accuracy remains questionable. Thus, Duane Swanson's claim regarding the

6

allegedly inaccurate CB&T account is the only *post-dispute* §
1681e(b) claim against Trans Union that remains an issue for the
jury.

II.   Plaintiff's Motion to Vacate

Plaintiff's motion to vacate first states that the Court
failed to consider evidence presented by the plaintiffs.   In
support of this position, Plaintiffs state that, "[t]he Order never
mentions, cites, or acknowledges Plaintiffs' response briefs or the
extensive evidentiary material they attached as exhibits to those
briefs." (Plaintiffs' Memorandum in Support ("Pla. Mem.") at 3).
As evidence of this, the Plaintiffs point to page seven of the
order wherein the Court notes that there is no evidence that Trans
Union or Equifax received notice of dispute from a furnisher that
would trigger a § 1681c(f) duty.   While this is a factually
accurate statement, the Plaintiffs believe that, because the issue
was expressly conceded in their response brief, the Court ignored
their position.   Seemingly, were the Court to have said,
"Defendants state, *and Plaintiffs concede*, that neither Trans Union
nor Equifax received notice of dispute from a furnisher to trigger
a § 1681c(f) duty," the Court would have considered evidence
presented by Plaintiffs.   Surely the plaintiffs recognize the
absurdity of this argument; simply because an order does not
expressly mention, cite, or acknowledge a party's response brief
does not mean it was not considered.   The plaintiffs' motion

7

further asserts that "[t]he omission of any mention of Plaintiffs' response briefs is most remarkable in part II of the Order" (Pla. Mem. at 3). One page prior to that assertion, however, Plaintiffs clearly state that their motion to vacate is not addressed to part II of the Order (Pla. Mem. at 1). So as not to consume more of the Court's time, without further addressing this aspect of Plaintiff's motion it is the determination of the Court that the first ground for Plaintiff's motion to vacate is neither persuasive nor appropriate.

The second basis for Plaintiffs' motion states that, if the Court did consider the evidence presented, the Court inappropriately made findings on disputed facts thus invading the province of the jury. Specifically, the plaintiffs contest the Court's ruling regarding the appropriateness of Trans Union's actions in deleting five CB&T accounts from Saundra Swanson's credit report in October 2002. The Court concedes that its analysis as to this issue could have been clearer.

In ruling that the actions taken by Trans Union were appropriate, the Court cited 15 U.S.C. § 1681i(a)(5). Section 1681i(a)(5) states, in relevant part,

> [i]f, after any reinvestigation ... of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall ... promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation ...

8

While the Court's June 3, 2005, order stated that, "Congress requires that any modification or deletion of items of information be 'appropriate' given the situation" (Order at 11), the plain language of the statute demonstrates that the phrase "as appropriate" modifies the phrase "or modify that item of information." In other words, if after reinvestigating a disputed item of information said item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency should either delete the item of information, or modify it consistent with the results of the reinvestigation. Accordingly, the Court's statement that Congress requires deletion of items be appropriate was a misstatement of the law.

After reinvestigating several CB&T accounts appearing on Saundra Swanson's credit report, Trans Union still could not verify the items of information contained therein. Consequently, pursuant to 15 U.S.C. § 1681i(a)(5), Trans Union deleted five CB&T accounts from Saundra Swanson's file. Given that Trans Union acted in compliance with Section 1681i(a)(5), the Court contends that while it misapplied the language of the section in its prior order, the correct holding was, nevertheless, reached. Therefore, once again, the Court finds that Trans Union adequately reinvestigated all of Saundra Swanson's disputed accounts and Plaintiffs' motion to vacate this portion of the June 3, 2005, order is denied.

Finally, Plaintiffs state that the Court erred in disallowing

9

their claim for punitive damages under Section 1681n. Plaintiffs first argue that the Court's description of the record as "completely devoid of evidence demonstrating willfulness" (Order at 12), may have depended upon its ruling limiting Defendants' § 1681i(a)(5) liability. As discussed above, the Court herein affirms its June 3, 2005, order relating to the defendants' possible § 1681i(a)(5) liability. Accordingly, this aspect of Plaintiffs' argument is moot.

Plaintiffs' second argument regarding punitive damages states that in finding, "the defendants did not act in willful noncompliance and, as such, cannot be subject to punitive damages" (Order at 12), the Court merely provided the parties with its view of the evidence and what findings it would make from the record. Plaintiffs argue that the Court cannot dispose of claims on that basis. Seemingly, counsel for Plaintiffs does not understand the role of the Court in deciding motions for summary judgment, which is to identify and dispose of factually unsupported claims. *See* *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).

In moving for summary judgment, the moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then

10

shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

While the plaintiffs continuously state that they produced a great deal of evidence which set forth specific facts and demonstrated the existence of material issues for trial, the Court found no evidence tending to support that assertion. Conclusory allegations do not establish the existence of specific triable facts sufficient to withstand summary judgment. *Cincinnati Bell Tel. Co. v. Allnet Communication Servs.*, 17 F.3d 921, 923-24 (6th Cir. 1994). In responding to Defendants' motion for summary judgment, Plaintiffs failed to provide sufficient evidence of triable issues relating to the Defendants' alleged willfulness. Once again, in their motion to vacate, Plaintiffs fail to present <u>any</u> evidence to support their claim for punitive damages. Moreover, Plaintiffs neglect to show how the Court made an error of law in granting Defendants' motion for summary judgment on this issue. Accordingly, the Court declines to disturb its June 3, 2005, order granting Defendants' motion for summary judgment on Plaintiffs' 15 U.S.C. 1681n claims.

## CONCLUSION

For the above stated reasons, **IT IS ORDERED:**

(1) That Trans Union's motion for reconsideration [Record No. 161] be, and the same hereby is, **DENIED;** and

(2) That Plaintiffs' motion to vacate [Record No. 167] be, and the same hereby is, **DENIED**.

This the 14 th day of July, 2005.



Signed By:

**_Joseph M. Hood_**

**United States District Judge**

12